# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  *Plaintiff,*

vs.

ALFONZO J. FISHER,

  *Defendant.*

Case No. 16-10001-01-EFM

## MEMORANDUM AND ORDER

  Defendant Alfonzo Fisher petitioned the Court for leave to enter a plea of nolo contendere.[1] The Government opposed Fisher's request, citing a longstanding Department of Justice policy against nolo pleas. The Court has broad discretion to accept or reject a nolo plea. Because the Court believes a nolo plea is not proper in this case, the Government's Motion to Oppose a "No Contest" Plea (Doc. 29) is hereby granted.

### I.  Factual and Procedural Background

  According to the indictment, Fisher was in possession of a Smith & Wesson, M&P, .40 caliber semi-automatic handgun on October 5, 2015; he had previously been convicted of a felony. Both parties agree that Fisher picked up a gun in the parking lot of the Cessna Activities Center,

---

[1] Fisher requested to plead "no contest." Federal Rule of Criminal Procedure 11 refers to the plea of "nolo contendere." Accordingly, the Court will use the term "nolo contendere" or "nolo."

finding it either inside a parked truck or in a planter near the truck. The purported owner of both the truck and the gun came outside and confronted Fisher. Fisher returned the gun to the other man and was later arrested.

Fisher requested to plead nolo contendere. He does not deny the factual allegations and is not motivated by a desire to avoid subsequent civil liability. Rather, he wishes to plead nolo contendere instead of guilty because he allegedly suffers from a neurological disorder that affects his memory, and he would be unable to testify to the facts that would support a guilty plea without perjuring himself.

## II.     Legal Standard

In a criminal case, a defendant may plead nolo contendere "with the court's consent."[2] The trial court "must consider the parties' views and the public interest in the effective administration of justice" when deciding whether to accept a nolo plea.[3] In practice, courts have broad discretion to accept or reject nolo pleas.[4] Some district judges have adopted general policies for or against them.[5]

Nolo pleas are typically used by defendants in cases where they wish to avoid subsequent civil liability. A nolo plea disposes of the criminal matter like a guilty plea, with the court finding

---

[2] Fed. R. Crim. P. 11(a)(1).

[3] Fed. R. Crim. P. 11(a)(3).

[4] *See United States v. Soltow*, 444 F.2d 59, 60-61 (10th Cir. 1971) ("[T]he acceptance of such plea is a matter solely within the discretion of the court. . . . 'It is not necessary to decide whether a refusal to accept a plea of nolo contendere under certain circumstances may constitute an abuse of discretion. All the cases hold that the trial court is vested with a broad discretion in determining whether a plea of nolo contendere shall be accepted.' ") (quoting *Mason v. United States*, 250 F.2d 704, 706 (10th Cir. 1957)).

[5] *See United States v. Buonocore*, 416 F.3d 1124, 1131 (10th Cir. 2005) (allowing a district judge to adopt a general policy of rejecting nolo pleas).

the defendant guilty, but a nolo plea cannot be used to prove the defendant's liability in a civil case, unlike a guilty plea. Most of the cases discussing nolo pleas involve corporate defendants, often charged with antitrust violations.

There is no widely accepted formula for a court to follow when ruling on a nolo plea. However, two courts recently identified factors that the courts used to decide whether to permit nolo pleas.[6] The two lists have some overlap between them, and some of the factors are not applicable at all to this case. In exercising its broad discretion to accept or reject a nolo plea, the Court will consider the following factors:

1. the position of the Government;
2. the nature of the violations;
3. the duration of the violations;
4. prior violations by Fisher;
5. the impact of the conduct on the public;
6. the deterrent effect of the plea;
7. whether acceptance of the plea would be discriminatory or incongruous;
8. Fisher's unique circumstances;
9. whether Fisher has firsthand knowledge of facts that would be sufficient to constitute a factual basis for a guilty plea;
10. whether a trial would be lengthy or expensive;
11. whether the nolo plea would undermine the public's confidence in the criminal justice system; and,
12. whether there is a risk of accepting a plea from an innocent defendant.

### III.   Analysis

The Court rejects Fisher's request to enter a plea of nolo contendere. The Court will accept a nolo plea only in extraordinary and unusual circumstances. After considering this case in light of the above listed factors, the Court is not convinced that extraordinary and unusual circumstances are present here.

---

[6] *United States v. McGill*, 128 F. Supp. 3d 863, 871-74 (E.D. Pa. 2015); *United States v. AEM, Inc.*, 718 F. Supp. 2d 1334, 1336-40 (M.D. Fla. 2010).

### 1. The position of the Government

The Government opposes Fisher's request to enter a nolo plea. The Department of Justice has a policy generally prohibiting federal prosecutors from consenting to a plea of nolo contendere, absent extraordinary circumstances. The Government argues that, by pleading nolo, Fisher would receive the benefits of a guilty plea (such as the quick resolution of his case) without ever having to actually admit guilt.[7] This factor weighs against accepting Fisher's requested plea.

### 2. The nature of the violations

Fisher is charged with being a felon in possession of a firearm. Crimes involving guns are serious offenses, and accepting a nolo plea to a weapons charge would diminish the gravity of that charge. This factor weighs against accepting Fisher's requested plea.

### 3. The duration of the violations

While Fisher was in possession of the gun for just a few minutes, it appears that he returned it only because he was confronted by the gun's owner.[8] This factor weighs against accepting Fisher's requested plea.

### 4. Fisher's prior violations

Fisher has a lengthy criminal history, with multiple robbery, burglary, fraud, and theft convictions, among others. He does not present as an individual who has a great deal of respect for the law. This factor weighs against accepting Fisher's requested plea.

---

[7] *See* Advisory Committee Notes to 1974 Amendment to Fed. R. Crim. P. 11 ("The defendant who asserts his innocence while pleading guilty or nolo contendere is often difficult to deal with in a correctional setting, and it may therefore be preferable to resolve the issue of guilt or innocence at the trial stage rather than leaving that issue unresolved, thus complicating subsequent correctional decisions").

[8] *See McGill*, 128 F. Supp. 3d, at 873 (rejecting defendant's nolo plea partly because the fraud violations at issue did not cease until detected by the authorities).

### 5. The impact of the conduct on the public

As stated above, firearms charges are serious, particularly because of the impact they can have on innocent members of the public. However, in this case there is no indication that Fisher used the gun or threatened anyone, including the gun's owner, in any way. Those two observations counteract each other, so this factor is neutral.

### 6. The deterrent effect of a nolo plea

Courts often disfavor the nolo plea because they believe the public views it as merely a "slap on the wrist."[9] Allowing a nolo plea, instead of requiring a guilty plea or a trial, in cases involving serious charges gives the public the impression that those charges are not so serious after all. The Court is persuaded by the Government's argument that the strong public policy against allowing felons to possess guns would be undercut by allowing Fisher to plead nolo contendere. This factor weighs against accepting Fisher's requested plea.

### 7. Whether acceptance of a nolo plea would be discriminatory or incongruous

The Court is well aware of how rare nolo pleas are in federal courts. Many criminal defendants share some of Fisher's characteristics, such as his extensive criminal history or his memory and neurological deficiencies. There is a real risk of incongruous results if the Court allows Fisher to plead nolo contendere, but rejects the nolo pleas of similar defendants. This factor weighs against accepting Fisher's requested plea.

### 8. Fisher's unique circumstances

Even among defendants requesting to plead nolo contendere, Fisher is uniquely situated. Unlike most defendants who wish to enter a nolo plea, he is not motivated by a desire to avoid

---

[9] *McGill*, 128 F. Supp. 3d, at 873; *United States v. H & M, Inc.*, 565 F. Supp. 1, 3 (M.D. Penn. 1982).

civil liability or the prohibitive cost of a lengthy trial. Fisher requested to plead nolo contendere because his neurological issues affect his memory of the incident at issue and would prevent him from testifying truthfully about the facts needed to support a guilty plea. While Fisher is not the first criminal defendant with neurological and memory issues, his problems are serious enough that the Court would not require him to provide the factual basis to support a guilty plea through his own testimony. This factor weighs in favor of accepting Fisher's requested plea.

**9. Whether Fisher has firsthand knowledge of facts that would be sufficient to constitute a factual basis for a guilty plea**

As stated above, Fisher's memory problems inhibit his ability to provide a firsthand account of the incident. This factor weighs in favor of accepting Fisher's requested plea.

**10. Whether a trial would be lengthy or expensive**

The parties have represented to the Court that, should the Court reject Fisher's request to plead nolo contendere, they would likely proceed with a bench trial with stipulated facts. The circumstances of this case are such that a trial would be short and inexpensive. This factor weighs against accepting Fisher's requested plea.

**11. Whether a nolo plea would undermine the public's confidence in the criminal justice system**

As a somewhat middle ground between a determination of guilt or innocence, a nolo plea signals to the public that a particular prosecution failed to result in a definitive answer. This factor weighs against accepting Fisher's requested plea.

**12. Whether there is a risk of accepting a nolo plea from an innocent defendant**

Fisher does not dispute the facts relied upon by the Government. In their motions, both parties described the central incident in enough detail to satisfy the Court that Fisher is not likely

innocent; therefore, there is little risk that Fisher is pleading nolo contendere despite his innocence. This factor weighs in favor of accepting Fisher's requested plea.

### IV.    Conclusion

These 12 factors demonstrate that courts should not accept nolo pleas lightly; rather, public policy strongly disfavors them.  The Court acknowledges that Fisher has memory deficiencies and that he likely could not be the sole source of the factual basis for a guilty plea, as required by Federal Rule of Criminal Procedure 11(b)(3).  However, the nolo plea is not the only option available to him.  As the parties have stated, a bench trial with stipulated facts is a possibility. Fisher could also plead guilty and the Court could satisfy itself with the factual basis from another source.[10]  The Court leaves it to the parties to choose how to proceed in this case.  However, the Court is not convinced that this case presents the extraordinary and unusual circumstances for which the nolo plea was designed.

**IT IS THEREFORE ORDERED** that the Government's Motion to Oppose a "No Contest" Plea (Doc. 29) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2018.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] *See* Advisory Committee Notes to 1974 Amendment to Fed. R. Crim. P. 11 ("The draft does not specify that any particular type of inquiry be made. . . . An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case."); *see also United States v. Kazzaz*, 592 F. App'x 553 (9th Cir. 2014) (holding that defendant's stipulation to the facts of his case provided a sufficient factual basis to support his guilty plea).